UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
MAY 2 8 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 4:25CR286 HEA/PLC |
| JIMMY ABRAHAM MAJEAU, | ) ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

COMES NOW the United States of America (the "Government"), by and through Sayler A. Fleming, United States Attorney, and Angie E. Danis, Assistant United States Attorney for the Eastern District of Missouri, and hereby moves the Court to order Defendant Jimmy Abraham MAJEAU ("Defendant") detained pending trial, and requests that a detention hearing be held within three days of Defendant's initial appearance, pursuant to Title 18, United States Code, Section 3142(f)(2). In support of this motion, the Government states as follows:

**INTRODUCTION**

1. Defendant is charged with one count of Conspiracy to Distribute over five (5) kilograms of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and one count of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). Because the defendant is charged with an offense which carries a maximum term of imprisonment of life (Count I), a rebuttable presumption of detention pending trial arises pursuant to Title 18, United States Code, Sections 3142(e)(3)(A). Given the Defendant's criminal history, including his consistent recidivism and ability procure such large quantities of cocaine and distribute it to customers all over the country, the Defendant presents a significant danger to the

community. Furthermore, given the potential penalties the Defendant faces in this matter, his significant border crossing history, and the overwhelming weight of the evidence against him, there is a serious risk that Defendant will flee. There is no condition or combination of conditions that will reasonably assure his future appearance or assure the safety of any other person and the community, and Defendant should be detained pending trial.

## **LEGAL STANDARD**

2.      Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves - - a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community").

3.      As the Eighth Circuit has made clear, in determining whether these two conditions are met, this Court need not conduct a "rigid two-step inquiry." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023). Rather, this Court "permissibly conduct[s] the two inquiries in a single detention hearing," in part, because "the two inquires, while not identical, substantially overlap." *Id.* Indeed, the Eighth Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] Defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure Defendant's appearance." *Id.* (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)).

## ARGUMENT

4. As explained below, there is a serious risk that Defendant will flee if not detained pending trial, and there is no condition or combination of conditions that will reasonably assure his appearance.

5. The Defendant has access to significant financial resources, only some of which have been seized and uncovered by the Government at this time. Furthermore, the Defendant, by his own admission, would travel to Mexico whenever he needed to procure addition cocaine to distribute throughout the country. Records obtained by the Drug Enforcement Administration show that between January of 2022 and February 2025, the Defendant crossed the United States-Mexican border a total of 65 times. With regard to his significant assets, between January 2021 and August 2024, the Defendant deposited approximately $1.5 million in various personal and business bank accounts. The Defendant maintains a bank account for a construction company he claims to own, but this company seems to exist only on paper. Throughout the duration of this investigation, which spanned over a year, investigators never witnessed the Defendant engaged in any construction-related business. There are also no records supporting the existence of this business. The Defendant also never filed tax returns for 2022 or 2023, which based on the investigation, was during the height of his cocaine distribution operation.

6. In addition to having the ability to flee, Defendant has an incentive to flee based on the strength of the evidence against him. *See* 18 U.S.C. § 3142(g)(2). This includes, but is not limited to, the Defendant's own post-*Miranda* admissions following his arrest, which include admissions to shipping vast quantities of cocaine throughout the country using UPS. Furthermore, during the course of its investigation the Government secured CCTV video and audio on a UPS truck driven by a co-conspirator, during which the Defendant is observed on many occasions

talking about various cocaine and money packages that were seized by law enforcement and what should be done in response to those seizures.

7.     Further, Defendant's history and characteristics necessitate his detention. *See* 18 U.S.C. § 3142(g)(3). Despite given opportunities to conform his behavior to the law on supervision, the Defendant has consistently reoffended. The Defendant has a significant drug-related criminal history. Between 2003 and 2013, the Defendant obtained six separate convictions for drug-related offenses. His most recent 2018 conviction is for evading a police officer, which speaks to both his danger to the community and his risk of flight. The Defendant may attempt to argue that he was cooperative with investigators when they arrested him in September 2024. While this is partially accurate, the Defendant also advised investigators he would maintain contact with them in an effort to further his cooperation, but he never did so. Furthermore, much of what Defendant told investigators were "half-truths," and false promises intended to keep him out of custody.

8.     In sum, the totality of the relevant factors set forth in Section 3142(g) demonstrate that Defendant presents a serious flight risk and that there is no condition or combination of conditions that will reasonably assure his appearance in the future and/or the safety of the community.

WHEREFORE, the Government requests that the Court hold a detention hearing within three days of Defendant's initial appearance and, following such hearing, order that Defendant be detained pending trial.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY


*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney