UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAY 2 8 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  4:25CR286 HEA/PLC |
| MARVELL BRIAN LLOYD, | ) ) ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

COMES NOW the United States of America (the "Government"), by and through Sayler A. Fleming, United States Attorney, and Angie E. Danis, Assistant United States Attorney for the Eastern District of Missouri, and hereby moves the Court to order Defendant Marvell Brian LLOYD ("Defendant") detained pending trial, and requests that a detention hearing be held within three days of Defendant's initial appearance, pursuant to Title 18, United States Code, Section 3142(f)(2). In support of this motion, the Government states as follows:

**INTRODUCTION**

1. Defendant is charged with one count of Conspiracy to Distribute over Five (5) Kilograms of Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) (Count I) as well as Conspiracy to Launder Money, in violation of Title 18, United States Code, Section 1956(h) (Count VI). Count I carries a mandatory minimum term of ten (10) years, with a maximum of life. Because the defendant is charged with offenses which carry a maximum term of imprisonment of life (Count I), a rebuttable presumption of detention pending trial arises pursuant to Title 18, United States Code, Sections 3142(e)(3)(A). Given the Defendant's history of failing to report as ordered and the potential penalties, there is a serious risk that Defendant will flee.

There is no condition or combination of conditions that will reasonably assure his future appearance or assure the safety of any other person and the community, and Defendant should be detained pending trial.

## LEGAL STANDARD

2. Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves - - a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community").

3. As the Eighth Circuit has made clear, in determining whether these two conditions are met, this Court need not conduct a "rigid two-step inquiry." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023). Rather, this Court "permissibly conduct[s] the two inquiries in a single detention hearing," in part, because "the two inquires, while not identical, substantially overlap." *Id.* Indeed, the Eighth Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] Defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure Defendant's appearance." *Id.* (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)).

## ARGUMENT

4. As explained below, there is a serious risk that Defendant will flee if not detained pending trial, and there is no condition or combination of conditions that will reasonably assure his appearance.

5. Defendant has a history of narcotics offenses involving cocaine, like the present allegations, as well as failing to appear.

6. In addition to having the ability to flee, Defendant has an incentive to flee based on the strength of the evidence against him. *See* 18 U.S.C. § 3142(g)(2). In addition to witness testimony and being included on a narcotics ledger that indicates he is responsible for at least eight (8) boxes containing anywhere between three (3) and six (6) kilograms of cocaine, the Government also believes that Defendant has no legitimate employment and utilizes a fake business account for the purpose of concealing large cash assets derived from his drug sales. Between February 2022 and April 2024, Defendant deposited over $300,000 in cash into a bank account in the name of Magic Soap, Inc. There is no evidence of this business having any footprint beyond being registered with the California Secretary of State. Furthermore, a large majority of these funds were used to pay off credit card balances for travel expenses and luxury clothing and accessory purchases. Furthermore, between January 2022 and October 2024, over $125,000 in cash was deposited into his personal banking account. The Defendant has no payroll deposits to indicate he has legitimate employment or income from any legitimate source. This also means that the defendant has access to the financial resources needed to effectuate a flight to avoid prosecution.

7. Further, Defendant's history and characteristics necessitate his detention. *See* 18 U.S.C. § 3142(g)(3). In 2010, the Defendant failed to report to the Bureau of Prisons to begin the service of his 135-month sentence on a prior federal case out of the Eastern District of Michigan.

3

8.  In sum, the totality of the relevant factors set forth in Section 3142(g) demonstrate that Defendant presents a serious flight risk and that there is no condition or combination of conditions that will reasonably assure his appearance in the future and/or the safety of the community.

WHEREFORE, the Government requests that the Court hold a detention hearing within three days of Defendant's initial appearance and, following such hearing, order that Defendant be detained pending trial.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY


*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney