UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAY 2 8 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:25CR286 HEA/PLC |
| EARL BANKS, | ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

COMES NOW the United States of America (the "Government"), by and through Sayler A. Fleming, United States Attorney, and Angie E. Danis, Assistant United States Attorney for the Eastern District of Missouri, and hereby moves the Court to order Defendant Earl BANKS ("Defendant") detained pending trial, and requests that a detention hearing be held within three days of Defendant's initial appearance, pursuant to Title 18, United States Code, Section 3142(f)(2). In support of this motion, the Government states as follows:

**INTRODUCTION**

1.      Defendant is charged with one count of conspiracy to distribute over five (5) kilograms of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1). The charges carry a mandatory minimum prison sentence of ten (10) years with a maximum of life. Because the defendant is charged with offenses which carry a maximum term of imprisonment of life, a rebuttable presumption of detention pending trial arises pursuant to Title 18, United States Code, Sections 3142(e)(3)(A). The Defendant's criminal history includes consistent recidivism despite numerous opportunities on supervision as well as a conviction for Escape-2nd degree. According to the Revised Statutes of Kentucky, a person commits the Class D Felony of Escape

in the Second Degree when he escapes from a detention facility or, being charged or convicted of a felony, he escapes from custody. Given this history and the potential penalties the Defendant faces in this matter, there is a serious risk that Defendant will flee. There is no condition or combination of conditions that will reasonably assure his future appearance or assure the safety of any other person and the community, and Defendant should be detained pending trial.

## LEGAL STANDARD

2.    Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves - - a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community").

3.    As the Eighth Circuit has made clear, in determining whether these two conditions are met, this Court need not conduct a "rigid two-step inquiry." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023). Rather, this Court "permissibly conduct[s] the two inquiries in a single detention hearing," in part, because "the two inquires, while not identical, substantially overlap." *Id.* Indeed, the Eighth Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] Defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure Defendant's appearance." *Id.* (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)).

2

## ARGUMENT

4.  As explained below, there is a serious risk that Defendant will flee if not detained pending trial, and there is no condition or combination of conditions that will reasonably assure his appearance.

5.  Defendant has a history of violating conditions of court-supervised release, demonstrating that he is unlikely to abide by any conditions imposed by the Court here. Furthermore, the Defendant's criminal history includes convictions for Kidnapping and Robbery-First Degree as well as several controlled substance offenses. He represents a danger to the community should he be released pending trial.

6.  In addition to having the ability to flee, Defendant has an incentive to flee based on the strength of the evidence against him. *See* 18 U.S.C. § 3142(g)(2). This includes, but is not limited to, at least eight (8) packages containing between three and six kilograms of cocaine shipped to an address listed on his driver's license, as well as witness testimony identifying him as a large-scale narcotics distributor in the Detroit area.

7.  Further, Defendant's history and characteristics necessitate his detention. *See* 18 U.S.C. § 3142(g)(3). Despite given opportunities to conform his behavior to the law on supervision, the Defendant has consistently reoffended.

8.  In sum, the totality of the relevant factors set forth in Section 3142(g) demonstrate that Defendant presents a serious flight risk and that there is no condition or combination of conditions that will reasonably assure his appearance in the future and/or the safety of the community.

WHEREFORE, the Government requests that the Court hold a detention hearing within three days of Defendant's initial appearance and, following such hearing, order that Defendant be detained pending trial.

>Respectfully submitted,
>
>SAYLER A. FLEMING
>UNITED STATES ATTORNEY
>
>*/s/ Angie E. Danis*
>ANGIE E. DANIS, #64805MO
>Assistant United States Attorney