UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:25-CR-00286-HEA (PLC) |
| | ) | |
| | ) | |
| JIMMY ABRAHAM MAJEAU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S MOTION FOR REVOCATION OF RELEASE ORDER, AND APPEAL PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3145(a)**

COMES NOW the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, and moves this Court for an Order, pursuant to 18 U.S.C. §3145(a), revoking the pre-trial release order issued by United States Magistrate Judge David T. Bristow, Central District of California.

As grounds for this motion, the Government states:

1. Defendant Jimmy Abraham MAJEAU of California is charged in the instant case with one count of Conspiracy to Distribute Five Kilograms or More of Cocaine in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and one count of Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Section 1956(h). As it currently stands, if convicted, MAJEAU faces a term of imprisonment from ten years to life. MAJEAU, who has a criminal history dating back to 2003 for possessing controlled substances for sale, is also potentially subject to enhanced punishment that includes a mandatory minimum term of imprisonment of twenty years pursuant to Title 21, United States Code, Section 851.

1

2.     On or about July 11, 2025, Magistrate Judge Bristow of the United States District Court for the Central District of California ordered defendant MAJEAU released upon the posting of an appearance bond in the amount of $450,000.00. The conditions of the release include that Defendant MAJEAU (1) surrender his passport; (2) adhere to travel restrictions; and (3) participate in a location monitoring program. That order was not docketed until Wednesday, July 30, 2025. Doc. #119. Furthermore, as of the date of this writing, the Government has not received a copy of the Pretrial Services Report from the Central District of California, where the Defendant was arrested on the instant Indictment.

3.     The Government is unaware of any evidence that rebuts the presumption in favor of detention in this case. The drug trafficking conspiracy charged in Count One of the Indictment carries a statutory maximum sentence of more than ten years as prescribed in the Controlled Substances Act set forth in 21 U.S.C. § 801 *et seq.* A finding of probable cause that MAJEAU committed this offense subjects MAJEAU to a statutory presumption in favor of detention that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e) and (f).

4.     MAJEAU should be detained because he is (1) a flight risk; (2) a danger to the community; and (3) has admitted and frequent contact directly with sources of supply in Mexico associated with known narcoterrorism groups. There is no evidence that rebuts the presumption of detention that arises in this case. By contrast, as set forth herein, this is an overwhelming case for detention. The order of release in this case is anomalous and clearly disregards the equities typically considered in the Bail Reform Act.

5.     Title 18, United States Code, Section 3145 provides in pertinent part that:

2

> **(a) Review of a release order.**--If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—
>
> **(1)** the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
> **(2)** the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
>
> The motion shall be determined promptly.

18 U.S.C.A. § 3145.

Pursuant to 18 U.S.C. §3145(a)(1), the Government hereby requests that this Court - which has original jurisdiction over the offense - review and revoke the order of release issued by Judge Bristow, and an order directing that MAJEAU be remanded to the custody of the United States Marshals Service to be detained pre-trial pursuant to 18 U.S.C. §3142(e). The district court's review of the Magistrate's Order of Detention is *de novo. United States v. Maull,* 773 F.2d 1479 (8th Cir. 1985). Pretrial detention of a defendant is justified "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions ... will reasonably assure the defendant's appearance ...." *United States v. Kisling,* 334 F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta,* 760 F.2d 887, 891 (8th Cir.1985) (en banc); 18 U.S.C. § 3142(c), (e)-(f)). However, the instant case gives rise to a rebuttable presumption of detention, which seems to have been entirely ignored by the Magistrate Court's Order of Release (Doc. #119). Subject to rebuttal by a defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as

3

required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which the maximum term of imprisonment of ten years or more. Title 18, United States Code, Section 3142(e). Furthermore, a grand jury's indictment provides the probable cause required under this section to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Quartermaine,* 913 F.2d 910, 916 (11th Cir.1990); *United States v. Suppa,* 799 F.2d 115, 119 (3rd Cir.1986); *United States v. Dominguez,* 783 F.2d 702, 706 n. 7 (7th Cir.1986); *United States v. Contreras,* 776 F.2d 51, 54 (2d Cir.1985); *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985).

6. The rebuttable presumption of §3142(e) creates a burden of production upon a defendant, not a burden of persuasion. *United States v. Quartermaine,* 913 F.2d at 916; *United States v. King,* 849 F.2d 485, 488 (11th Cir.1988). The purpose of the rebuttable presumption is to shift the burden to a defendant to establish a basis for concluding that there are conditions of release sufficient to reasonably assure that a defendant will not engage in dangerous criminal activity pending trial. *United States v. Jessup,* 757 F.2d 378, 381 (1st Cir.1985). Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of the presumption, the rebuttable presumption of §3142(e) is not such a "bursting bubble." *Id.* at 383. Thus, in order to rebut the presumption, a defendant must produce some evidence; and the Magistrate Judge should still keep in mind the fact that Congress has found that certain drug offenders, as a general rule, pose special risks of flight. *Id.* at 384.

7. MAJEAU's criminal history shows repeated illicit drug activity despite being given numerous opportunities on probation to address his conduct. Beginning in 2003, MAJEAU

4

received a 16-month sentence for concealing drugs in a false compartment of a vehicle. In 2006, MAJEAU was given a sentence of a term of probation for possessing a controlled substance. In 2008, MAJEAU was given a one-year prison sentence for transporting a controlled substance. In 2012, MAJEAU was given a 68-month prison sentence for possession of an excessive amount of a controlled substance, possession of marijuana for sale, and possession of a controlled substance while armed (a charge that was ultimately dismissed). In 2012, MAJEAU's criminal history appears to show an additional charge for possessing a controlled substance. Finally, in 2018, MAJEAU was sentenced to 45 days' in jail and 46 months' probation for evading a peace officer. The alleged conspiracy and conduct for which the defendant is charged and for which there is overwhelming evidence, as detailed herein, is alleged to have begun in 2020. It is clear that despite numerous law enforcement interventions, MAJEAU seems unable to conform his conduct to the law.

8. The instant case involves a multiple-year investigation into MAJEAU's leadership role in shipping large quantities of cocaine nationwide, to include St. Louis, Missouri. MAJEAU brokered the shipment of multiple-kilogram packages of cocaine utilizing the United Parcel Service (UPS) and facilitated both the procurement of shipping labels for outbound cocaine packages and for inbound cash packages that would contain the proceeds from these cocaine sales. Over the course of several years, investigators conservatively estimated, and MAJEAU confirmed during his post-*Miranda* statement to DEA agents on September 24, 2024, as well as various other investigative techniques, that he is responsible for the distribution of over 2000 pounds of cocaine during the course of this conspiracy.

9. As part of their attempt to further their investigation, in the summer of 2024, DEA agents secured authorization for a CCTV and an oral bug to be placed on a UPS truck driven by

co-defendant Eric Hernandez. During the course of their monitoring, Defendant MAJEAU is captured delivery packages containing multiple kilograms of cocaine to Hernandez, receiving cash parcels from Hernandez, and discussing the seizure of certain cocaine packages associated with the conspiracy by law enforcement with Hernandez.

10.     Furthermore, during his lengthy post-*Miranda* interview with law enforcement in September of 2024, MAJEAU admitted to having direct and frequent contact with Mexican cartel members to procure quantities of cocaine. In fact, the day after his arrest and interview, MAJEAU again traveled to Mexico, claiming he would follow up with investigators, but never doing so. Between January 2022 and February of 2025, the Defendant crossed the United States-Mexico border a total of 65 times.

11.     When considering the risk of flight posed by the Defendant, this Court should also consider the means available to the Defendant to effect his flight. While the original bond order required a bond of $450,000 with additional individuals serving as sureties, the Government has reason to believe that the Defendant has significantly more assets to draw on in the face of such serious charges and their steep penalties. Between January 2021 and August 2024, the Defendant deposited approximately $1.5 million in various personal and business bank accounts. The Defendant maintains a bank account for a construction company he claims to own, but this company seems to exist only on paper. Throughout the duration of this investigation, which spanned over a year, investigators never witnessed the Defendant engaged in any construction-related business. There are also no records supporting the existence of this business. The Defendant also never filed tax returns for 2022 or 2023, which based on the investigation, was during the height of his cocaine distribution operation.

## CONCLUSION

12. Based upon the foregoing, the United States of America respectfully requests that this Court enter an order revoking the order of release entered by United States Magistrate Judge Bristow as to defendant Jimmy MAJEAU, and instead enter an order remanding defendant MAJEAU to the custody of the United States Marshals Service to be detained pending trial.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

/s/ *Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney
111 South 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-7670
Angie.Danis@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Attorney for Defendant Majeau

/s/ *Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney