UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-CR-00286-HEA (PLC) |
| | ) |
| EARL BANKS, | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S MOTION TO STRIKE
DEFENDANT'S PRO SE FILING [ECF 166]**

The United States of America, by Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, hereby moves this Court to strike Defendant's *pro se* motion for a bond filed as ECF 166.

In support of its motion, the United States of America states as follows:

1. Defendant was charged by Indictment on May 28, 2025. ECF 1. Thereafter, Defendant made his initial appearance in the Eastern District of Michican on or about July 9, 2025. ECF 40.

2. The Defendant elected to proceed with a Detention Hearing in the Eastern District of Michigan and was subsequently ordered detained on or about July 17, 2025. ECF 86.

3. On July 30, 2025, CJA Attorney Kay Parish was appointed by this Court to represent defendant, and he was arraigned in the Eastern District of Missouri on August 4, 2025. ECF 126.

4. July 30, 2025, Kay Parish has, without interruption, represented Defendant.

5. Despite the assistance of counsel, Defendant filed a *pro se* motion requesting reconsideration of his detention order on August 25, 2025. ECF 166.

1

6. Defendant has "no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) (finding no error refusing to rule on pro se motions). The *Agofsky* decision is premised on the either-or choice rooted in statute. A party before a federal court "may plead and conduct their own cases personally **_or_** by counsel." 28 U.S.C. § 1654 (emphasis added). The statute allows for one or the other but not both.

7. As explained in *Abdullah v. United States*, 240 F.3d 683, 685-86 (8th Cir. 2001), striking a pro se motion is not only permissible but also the preferred method that preserves a defendant's remedies for raising issues before the court. Once the defense counsel has notice of the issues raised by his client (here that was accomplished by CM/ECF service to counsel of record), the issued can be brought before the court through counsel or after a defendant elects to formally represent himself. *Id*. at 686.

8. Because Defendant is represented by counsel, who has now received ECF 166, this Court should strike Defendant's pro se motion as it is not properly before the Court.

WHEREFORE, the Government respectfully requests this Honorable Court strike Defendant's pro se motion filed as ECF 166.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

/s/ *Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
Angie.Danis@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 26, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the counsel of record.

                                                    /s/ *Angie E. Danis*
                                                   ANGIE E. DANIS, #64805MO
                                                   Assistant United States Attorney