UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 4:25CR286 HEA/PLC | |
| EARL BANKS, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO REVOKE DETENTION ORDER**

Comes now, Defendant, Earl Banks, by and through counsel, and, pursuant to 18 U.S.C. §3145(b), respectfully requests this honorable Court revoke the detention order of the Magistrate Judge in Michigan. In support, counsel states:

**Preliminary Statement:**

On July 15, 2025, Earl Banks was brought before the court in the Eastern District of Michigan and ordered detained after hearing by the honorable Judge Kimberly G. Altman. Case No. 2:25-mj-30438, Doc. 7. In an order made on the record in open Court, Judge Altman found that though she believed that Mr. Banks had overcome the presumption of detention associated with his charges, other factors, including his proffered role in the offense and aspects of his criminal history, counseled in favor of detention. Case No. 2:25-mj-30438, Doc. 10.[1] The Court thus ordered Mr. Banks' detained. Doc. 13. Subsequently on August 4, Mr. Banks appeared in this Court before

---

[1] The audio files of the hearings at issue in the Eastern District of Michigan are embedded as attachments to the PDFs and can be obtained through Pacer.

1

the honorable Magistrate Judge John Bodenhausen for his initial appearance, at which point Judge Bodenhausen declined to address the issue of detention, finding specifically that he did not have the power to overrule another Magistrate's detention order.

For the reasons articulated below, the detention motion should have been denied and Mr. Banks should have been granted a bond.

**Argument:**

The Bail Reform Act provides that: "The judicial Officer **shall order** the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond," or, only if necessary to reasonably assure the appearance of the Defendant or the safety of the community, may order one a person's release subject to certain conditions.

> Only if ***the government shows by clear and convincing evidence*** that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003); *United States v. Orta,* 760 F.2d 887, 891 & n. 20 (8th Cir.1985) (en banc) (internal footnotes omitted).

"***In our society liberty is the norm***, and detention prior to trial or without trial is the carefully limited exception. . . . The [Bail Reform] Act authorizes the detention prior to trial of arrestees charged with serious felonies who are found after an adversary hearing to pose a threat to the safety of individuals or to the community ***which no condition of release can dispel***." *United States v. Salerno*, 481 U.S. 739, 755 (1987)(emphasis added).

2

The decision to detain may be made only after a hearing. Though, "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing," nonetheless, "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall *be supported by clear and convincing evidence*."

### A. The Government Did Not Present Sufficient Evidence Support A Finding By Clear And Convincing Evidence That There Is No Set Of Conditions That Will Reasonably Assure The Safety Of The Community.

#### i. *The Legal Standard*

Clear and convincing evidence is a rigorous standard of proof.  The Standard of Clear and Convincing evidence is one of the highest standards of proof in the law.  The Supreme Court has described it as "an abiding conviction that the truth of [the facts at issue] is highly probable."  *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984).  This occurs," . . . of course, only if the material it offered *instantly tilted the evidentiary scales* in the affirmative when weighed against the evidence . . . offered in opposition. *Id.* (emphasis addied)(citing *See McBaine, Burden of Proof: Degrees of Belief*, 32 Calif.L.Rev. 242, 251-254 (1944)). It is a much higher evidentiary standard than a mere preponderance of the evidence. *Id.*

However, courts have held that police reports or mere allegations from other courts are insufficient to meet the evidentiary burden of proof even under *the lower preponderance of the evidence standard*.  See e.g. *United States v. Marrero-Perez*, 914 F.3d 20, 22–25 (1st Cir. 2019)(reversing on plain error review and characterizing the

3

district court's decision to depart upward based on 44 prior arrests for un-convicted conduct as "obvious error."); *United States v. Davila-Bonilla,* 968 F.3d 1, 9–10 (1st Cir. 2020)(citing *Marrero-Perez,* and emphasizing that arrest reports that are generated with an investigatory purpose are not sufficient to make a preponderance of the evidence finding even when coupled with a district court's probable cause finding).

ii.    **Evidence Cited by The Magistrate**

The Magistrate cited to Mr. Banks's criminal history in support of its finding that no set of conditions would prevent him from posing a danger to society or failing to appear in Court. But Mr. Banks' prison convictions all occurred for conduct that occurred in 2018 or prior to that, more than seven years ago. Moreover, as was repeatedly emphasized at his bond hearing, he had never been to prison and successfully completed every probation he was ever on.[2] His ability to successfully complete probation every time he was placed on it is strong evidence of his ability to conform himself to the requirements and orders of the Court. The "civil bench warrants" that exist do not refute this, and certainly are not comparable to bond requirements in a federal court. Mr. Banks understands the seriousness of the charges and the need to comply with this Court's orders. Moreover, counsel has conferred with Mr. Banks' girlfriend who has indicated that she can pay the bonds in order to clear the warrants if necessary. In order to assure that these warrants do not interfere with Mr. Banks' appearance in this Court, this Court

---

[2] The Bail report says as to two offenses that it was "unknown whether he was sentenced to prison or probation." Mr. Banks submits that these were probation sentences. At his bond hearing, his counsel submitted repeatedly that Mr. Banks had never been to prison and this statement of fact went unrefuted.

could require as a condition of bond that Mr. Banks clear all warrants within 30 days of his release.

The Magistrate cited to Mr. Banks' lack of ties to the Eastern District of Missouri. However, in finding that the presumption in favor of detention had been overcome, the Magistrate also found that Mr. Banks had strong family support and ties to the Eastern District of Michigan. In light of this, the lack of ties to Missouri are irrelevant. Mr. Banks has strong family, property, employment, and other ties to his home and the district in which he would be supervised. This is sufficient to mitigate any alleged risk of flight.[3]

The Magistrate cited to Mr. Banks' current charges and the weight of the evidence against the Defendant in finding that he was a danger to society.  But the weight of the evidence has been said to be the least important among the factors that a court must consider in assessing danger. *See e.g. United States v. Townsend,* 89 7 F.2d 989, 994 (9th Cir. 1990). Moreover, Congress was very specific as to when the offense charged should give rise to a presumption that detention is appropriate and outlined those offenses in 18 U.S.C. §3142(e)(3), and in this case the Magistrate specifically ruled that that presumption had been overcome.  The question then is whether the Government has met its burden by the other evidence presented. It did not.

_____

[3] The Government also argued at the time of his hearing that Mr. Banks' criminal history indicates undisclosed ties to Kentucky and that he owned property in other states. The Magistrate rightly did not seem to rely on these things in its findings, nor should this Court. Criminal history in another state is not necessarily indicative of any real ties to a state and moreover, Mr. Banks denies having property in other states. The only evidence of this was the alleged statements of his girlfriend. Undersigned counsel has spoken with his girlfriend, who indicated she did not know of any properties in other states owned by Mr. Banks and she does not know why that statement would have been attributed to her.

5

### iii. Appropriate Conditions Can Mitigate any Concerns

Even if some of these things are cause for concern, there are conditions of release that can mitigate those concerns, and provide the reasonable assurances needed to assure the safety of the community and Mr. Banks' appearance in Court. Specifically, a condition of house arrest or home monitoring would assure that he does not flee, and the close monitoring will assure that he does not pose a danger to society. Notably, the question under the Bail Reform Act is not whether conditions can guarantee these things, but rather whether they can "reasonably assure" them. In this case, they can.

The Government did not meet the very high burden in this case of overcoming the law's strong presumption in favor of release and showing by a preponderance of the evidence that Mr. Banks is a flight risk or by clear and convincing evidence that he is a danger to the community, such that no set of conditions can mitigate that risk. There are conditions that can reasonably assure both the safety of the community and Mr. Banks' appearance in Court and this Court should revoke the detention order of the Magistrate and order his release on conditions.

Respectfully Submitted,

/s/ Kathryn B. Parish, 61781MO
Attorney for Defendant Earl Banks
CARLYLE PARISH, LLC
3407 Jefferson, #128
Saint Louis, MO 63118
314-277-7670
Fax: 866-764-1249
Email: Kay@carlyleparishlaw.com

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed via the court's electronic filing system on this date, to be served by operation of that system upon all attorneys of record.

<u>/s/ Kathryn B. Parish</u>